UNITED STATES, Appellant

v

ERNEST A. LANDRY, Staff Sergeant, U. S. Air Force, Appellee

14 USCMA 553, 34 CMR 333

*Major Neil Kasdan* argued the cause for Appellant, United States. With him on the brief was *Colonel Emanuel Lewis*.

*Major James E. Caulfield* argued the cause for Appellee, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

## Opinion of the Court

QUINN, Chief Judge:

A shortage in the accounts of the Food Service Branch, Chateauroux Air Station, France, led to charges of larceny against the accused, who was the noncommissioned officer in charge. He was convicted of fifteen specifications of larceny committed in the period between June and October 1962, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced to be reduced to Airman First Class and fined $2,500.00. On review, the board of review held that, since the sentence did not include a punitive discharge, the fine was illegal. It undertook to purge the illegality by reducing the fine to a forfeiture of $75.00 per month for twelve months.

The Government challenges the board of review's action insofar as it declared the fine illegal; but, alternatively, it contends that if the sentence adjudged by the court-martial is illegal, the board of review correctly discarded the illegal part by approving only partial forfeiture of pay. Conversely, the accused espouses the board of review's invalidation of the fine as supported by logic and judicial precedent; but he denounces the affirmance of partial forfeiture of pay as outside the power of the board of review. The Judge Advocate General, United States Air Force, certified the record of trial to this Court to consider the board of review's action on the following bases:

1. Was the board of review correct in its determination that so much of the sentence as provides for a fine was illegal?

2. If the first question is answered in the affirmative, was the board of review empowered to reduce the fine imposed to a forfeiture of pay?

Courts-martial have wide discretion in the imposition of punishment. One of the general limitations on that discretion is that the punishment "for an offense may not exceed such limits as the President may prescribe for that offense." Article 56, Uniform Code of Military Justice, 10 USC § 856. The Table of Maximum Punishments in the Manual for Courts-Martial, United States, 1951, paragraph 127c, Section A, page 219, sets out the limits prescribed by the President for enlisted accused convicted of specified offenses. The Table appears in the Manual in a chapter titled "Punishments." *Id.,* page 205. The text of the chapter is variegated. Sometimes the discussion is merely a broad exposition on punishment, rather than a definite limitation on the sentence power of courts-martial. At other times, the text describes limitations on punishment applicable to the sentence as a whole, rather than to the specific offense of which the accused has been convicted. In consequence, the Government's own counsel have contended on occasion, as they do in this case, that a particular provision of the text is legally ineffective because it exceeds the President's authority under the Uniform Code to prescribe limits of punishment for specified offenses. See United States v Morlan, 24 CMR 390.

Different parts of the punishment chapter have been before this Court for construction. Several provisions have been determined to be inharmoni-

ous or inconsistent with the Uniform Code. United States v Smith, 10 USCMA 153, 27 CMR 227; United States v Simpson, 10 USCMA 229, 27 CMR 303; United States v Varnadore, 9 USCMA 471, 26 CMR 251; see also United States v Cuen, 9 USCMA 332, footnote 5, 26 CMR 112. The provisions relied upon by the board of review in this case to invalidate the fine have not previously been directly before us. However, an Army board of review has indicated they constitute an impermissible limitation on the sentence powers of courts-martial. United States v Perez, 31 CMR 356. In pertinent part, the provisions are as follows:

" . . . All courts-martial have the power to adjudge fines instead of forfeitures in all cases in which the applicable article authorizes punishment as a court-martial may direct. However, as to enlisted persons, a fine will not be adjudged unless the case falls within the provisions of Section B, 127 c (Permissible additional punishments)." [Manual for Courts-Martial, United States, 1951, paragraph 126h(3), page 211.]

"A fine may be adjudged against any enlisted person, in lieu of forfeitures, provided a punitive discharge is also adjudged." [Id., paragraph 127c, Section B, page 228.]

A first reading of the Manual provisions on the imposition of fines creates a feeling of confusion. The part of paragraph 126h(3) quoted above suggests that in any case, that is, regardless of whether the accused is an enlisted person or an officer, a court-martial can adjudge a fine only *instead* of forfeitures; in other words, a single sentence cannot include both a fine and forfeitures. Elsewhere, however, it appears that, as to an officer-accused, the court-martial can properly adjudge both fine and forfeitures. United States v DeAngelis, 3 USCMA 298, 12 CMR 54; see also United States v Cuen, supra, footnote 4. For purposes of this appeal, it is unnecessary to explore or review the uncertainties of the Manual discussion. Suffice it, that it is settled, that courts-martial cannot adjudge a fine along with, or in addition to, forfeitures, as to enlisted-accused. United States v Hounshell, 7 USCMA 3, 21 CMR 129. The remaining question is whether a fine can be imposed instead of forfeitures only if and when a punitive discharge is also adjudged. Nothing in the *Hounshell* case, which was relied upon by the board of review below to support its decision, requires an affirmative answer to that question. It was unnecessary to consider the point in that case, because a punitive discharge was included in the sentence. See United States v Posnick, 8 USCMA 201, 24 CMR 11.

In general, a fine has certain legal characteristics which justify its description as a more severe punishment than forfeitures in a like amount. United States v Cuen, supra. In practical terms, however, a fine in an amount substantially less than that of the aggregate of the forfeitures is not as severe a punishment as the forfeitures. It is evident, therefore, that in a particular case the court-martial might prefer a fine to forfeitures, as an appropriate sentence. But the Manual provision prohibits the exercise of any discretion in this area. In effect, the provision operates as a mandatory minimum sentence. It is not a maximum limitation on the punishment for a specific offense, but a prescribed condition to the utilization of a particular type of punishment. Consequently, it is subject to the same condemnation as the provision directing that a sentence to forfeitures in excess of two-thirds pay per month must include a punitive discharge. United States v Jobe, 10 USCMA 276, 27 CMR 350.

The answer to the first certified question is in the negative. That answer makes it unnecessary to consider the second question. We return the record of trial to The Judge Advocate General of the Air Force for submission to the board of review for reconsideration of the sentence.

Judges FERGUSON and KILDAY concur.