**UNITED STATES**

v.

**Airman Gary GRISSOM, FR 565–82–2857 366th Supply Squadron Twelfth Air Force (TAC).**

**ACM 21831.\***

U. S. Air Force Court of Military Review.

29 Aug. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Frederick P. Waite.

## DECISION

SANDERS, Judge:

In this trial by general court-martial with members, the accused entered pleas of not guilty to a charge of premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. He was found guilty with the exception of the words "with premeditation" and was sentenced to a bad conduct discharge, confinement at hard labor for five years, total forfeitures, and reduction to airman basic. The sentence was approved by the convening authority and the place of confinement was designated as the United States Disciplinary Barracks, Fort Leavenworth, Kansas.

Advanced for our consideration by appellate defense counsel is a single assertion of error wherein it is claimed that:

TESTIMONY THAT THE ACCUSED HAD RELIED ON HIS RIGHTS PRIOR TO TRIAL CONSTITUTED PREJUDICIAL ERROR.

No evidence of pretrial confessions or admissions by the accused was admitted dur-

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

ing the course of this trial. However, shortly after his apprehension and prior to a search of his barracks room, he was advised of his rights by an agent from the Office of Special Investigations (OSI). The agent, who had searched the accused's room and who had conducted the principal part of the investigation, was called as a prosecution witness. During the course of his testimony the following occurred:

"Q. What did you do after the apprehension?

"A. After the apprehension and we transported Airman Grissom down to Security Police, I spoke to Airman Grissom briefly and advised him of his rights and he said he did not want to talk to me,

. . .

"MJ: —Well, let's avoid this, counsel.

"TC: Yes, just go on after the point when you were at the Security Police station.

"A. I contacted the SJA, the Assistant SJA, Captain Yoder, and subsequently contacted the Base Commander, Colonel Russell, and returned to the supply barracks with the authority of Colonel Russell to search Airman Grissom's room."

There was no objection by the accused's counsel to this testimony nor was any request made for instructions or other appropriate relief. Subsequently, trial defense counsel successfully offered into evidence a Security Police Desk Blotter as Defense Exhibit A and specifically directed attention to Item 74 of the blotter. Item 74 reflects a time factor of 2357 hours, 15 October 1974 and reads as follows:

ALLEGED VIOLATION OF ARTICLE # 118:

SSgt Crothers, Harold T. 047401592, 366 FMS CQ, notified this office of a shooting in the parking lot of building # 2413, Airman's Club. Police # 1, 2, 3, 5, briefed and dispatched upon arrival of the patrols contact was made with victim. Victim was laying on pavement, he had sustained gun shot wounds of the chest and arm. Victim, was transported to USAF hospital via AF ambulance and pronounced DOA by Dr. Curtis, MOD. A suspect was apprehended at 0240 hours by Lt Howell and TSgt Bush, suspect was transported to SPO and advised of his rights, suspect requested legal counsel. Sgt Robbins, WCP, notified, for further information refer to DD Form 1569. (NB).

The defense counsel did not mask out any portion of the entry although the "suspect" referred to in the entry was clearly the accused.

At no time during the course of the trial did the prosecution refer to or question any witness as to the accused's election to remain silent nor was it mentioned by defense counsel. However, during the Article 39(a), 10 U.S.C. § 839(a) Session preceding instructions to the court, the military judge stated that on two occasions during the course of the trial "there has been some matter in the presence of the court members that indicated that the accused has exercised his right to remain silent, etc., in addition to which of course, Airman Grissom has not taken the stand." He stated he would instruct on this matter if the defense so desired. The accused's counsel stated that he would like to have an instruction given. The military judge subsequently instructed the court to the effect that the accused's exercise of his absolute right to make no statement and to request an attorney could not be considered an admission of guilt or counted against him in any other way.

Appellate defense counsel now urge before this Court that the reference to the accused's election not to make a statement was prejudicial error requiring a rehearing. Under the circumstances of this case, we do not agree.

 Clearly, it is error to bring to the court's attention the fact that an accused has relied on his absolute right to remain silent or to seek an attorney. *United States v. Brooks*, 12 U.S.C.M.A. 423, 31 C.M.R. 9 (1961); *United States v. McBride*, 50 C.M.R. 126 (A.F.C.M.R. 1975), and cases cited

therein. However, not every situation where such a reference is made results in prejudicial error requiring reversal. *United States v. Workman*, 15 U.S.C.M.A. 228, 35 C.M.R. 200 (1965); *United States v. Bolden*, 11 U.S.C.M.A. 182, 28 C.M.R. 406 (1960); *United States v. McBride*, supra. Rather, such error must be tested by the standard of specific prejudice. Uniform Code of Military Justice, Article 59(a), 10 U.S.C. § 859; *United States v. Workman*, supra.

Where there are repeated references to ·the fact that an accused relied on his right to remain silent, both through the testimony of pretrial investigators and during cross-examination of an accused when he elects to testify, prejudicial error has been found. *United States v. Brooks*, supra. Likewise, prejudicial error has been found where trial counsel elicited the testimony that an accused had exercised his right to remain silent and then emphasized this inadmissible evidence in his closing argument "in the most effective and damaging manner conceivable." *United States v. Kemp*, 13 U.S.C.M.A. 89, 32 C.M.R. 89, 98 (1962); *United States v. Stegar*, 16 U.S.C.M.A. 569, 37 C.M.R. 189 (1967).

■ In determining whether prejudicial error results from the disclosure to the court members that an accused asserted his right to remain silent or to consult counsel, the particular facts and circumstances of the case must be evaluated. In the instant case, there was no objection to the fleeting comment of the OSI agent that the accused indicated "he did not want to talk to" him. Although the lack of objection does not necessarily erase prejudice (*United States v. Kowert*, 7 U.S.C.M.A. 678, 23 C.M.R. 142 (1957)), we believe it a significant factor in this case as did the Court of Military Appeals in *United States v. Hickman*, 10 U.S. C.M.A. 568, 28 C.M.R. 134 (1959).

Also important in weighing the effect of this improper evidence is the fact that the military judge forcefully instructed the court that it could not be considered against the accused. While an instruction may not be enough to remove the prejudicial effect of such evidence in an aggravated setting (*United States v. Brooks*, supra and *United States v. Stegar*, supra), it is a circumstance that is properly considered in a given case and such instruction may cure the error. *United States v. Brooks*, supra, *United States v. Landry*, 34 C.M.R. 824 (A.F.B.R. 1964), reversed on other grounds, 14 U.S.C. M.A. 553, 34 C.M.R. 333 (1964). See also *United States v. Russell*, 15 U.S.C.M.A. 76, 35 C.M.R. 48 (1964); *United States v. Seay*, 13 U.S.C.M.A. 540, 33 C.M.R. 72 (1963); *United States v. Martin*, 16 U.S.C.M.A. 531, 37 C.M.R. 151 (1967).

Viewing the complete record and the circumstances of the disclosure in this case, we cannot conclude that the accused was prejudiced by the reference to his exercising his right to remain silent. During the course of this five-day trial there was only this one brief, unsolicited comment by a government witness. The military judge immediately intervened and it was "nipped in the bud." There was no misconduct on the part of the prosecution and never was the matter argued or mentioned before the court members. With the express request of the accused's counsel, after bringing the matter to their attention, the military judge gave appropriate instructions on the matter. Further, the accused's counsel introduced evidence which was, in our view, at least equally effective in disclosing that the accused exercised his rights as was the unsolicited comment of the government witness. In this setting, we are satisfied that the accused was not prejudiced by the OSI agent's comment. *United States v. Workman; United States v. Hickman; United States v. McBride; United States v. Landry*, all supra.

Accordingly the · approved findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.