**UNITED STATES**

v.

**Sergeant Albert W. DILL, FR 464–88–9444 3706th Basic Military Training Squadron Air Force Military Training Center (ATC).**

**ACM 22058.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1976.

Decided 17 Aug. 1976.

---

272

Appellate counsel for the Accused: Colonel Jerry E. Conner, Major Bruce R. Houston and Major Marc G. Denkinger, USAFR.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, HERMAN and ORSER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial composed only of a military judge, the accused was convicted, pursuant to his pleas, of three specifications involving solicitation and acceptance of moneys from basic trainee members of the United States Air Force, and contrary to his plea, of one specification of extortion, in violation of paragraphs 3a(1) and 3b(1), Air Force Military Training Center Regulation 30–2, 28 February 1973, and Articles 92 and 127, 10 U.S.C. §§ 892, 927, of the Uniform Code of Military Justice. The approved sentence provides for a bad conduct discharge, confinement at hard labor for 12 months, a fine of $4,000.00, and reduction to the grade of airman basic.

Four errors have been assigned on the accused's behalf in his request for appellate representation. Appellate defense counsel, besides elaborating on one of those, having assigned another claim of error for our consideration. Only the latter assignment warrants our attention. All other urged errors are either without merit or were discussed by the staff judge advocate in his review and properly resolved adversely to the accused.

In the remaining assignment of error, appellate defense counsel contend the accused's plea of guilty was improvident because the military judge did not advise him that the maximum authorized punishment included a fine. We disagree.

■ To pass the test for providency, a plea of guilty must demonstrably be voluntary: It must be free, knowing and intelligently entered by the accused. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Zemartis*, 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959); *United States v. Butler* 9 U.S.C.M.A. 618, 26 C.M.R. 398 (1958). To insure that the guilty plea is truly voluntary, the military judge, before accepting it, is required to thoroughly explain to the accused the meaning and effect thereof, including advice as to the maximum authorized punishment which may be imposed upon conviction of the offenses to which the plea relates. Manual for Courts-Martial, 1969 (Rev.), paragraph 70*b*; *United States v. Turner*, 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968); *United States v. Zemartis* and *United States v. Care*, both *supra*. As to the latter aspect, the United States Court of Military Appeals has repeatedly held that a substantial misunderstanding on the accused's part generated by "material misadvice" as to the maximum punishment to which he is subject may of itself render his plea improvident. *United States v. Darusin*, 20 U.S.C.M.A. 354, 43 C.M.R. 194 (1971); *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965); *United States v. Turner* and *United States v. Zemartis*, both *supra*.

■ In the case at hand, during the military judge's inquiry into the providence of the accused's plea of guilty to the three offenses involving soliciting and accepting funds from basic trainees, the following pertinent colloquy ensued:

MJ: What does the Government see the maximum penalty to be . . . for the offenses to which the accused proposes to plead guilty?

TC: As to these three specifications, Your Honor, dishonorable discharge, confinement at hard labor for a period of six years, reduction to the lowest enlisted grade, total forfeiture of all pay and allowances, and we would also submit that unjust enrichment can be made out and a fine would be appropriate in this case.

MJ: Does the defense, other than the last comment of counsel as to the appropriateness of any particular punishment, agree with the maximum punishment as being a dishonorable discharge, confinement at hard labor for six years, forfeiture of all pay and allowances, reduction to the lowest enlisted grade?

ADC: Yes, Your Honor, we do.

MJ: Sergeant Dill, on your plea of guilty alone, just to these three specifications of the Charge, you could lawfully be sentenced to the maximum punishment authorized, which you've just heard us discussing. Have you discussed that maximum with your counsel so that you understand what the maximum punishment would be?

Acc: Yes, sir.

MJ: Do you have any questions concerning the sentence that could be imposed as a result of the plea of guilty?

Acc: No, sir.

As seen, aside from trial counsel's oblique editorial allusion to it, the accused received no specific forewarning that the punishment could include a fine in addition to the other prescribed penalties. As the military judge subsequently adjudged a fine as a portion of the punishment (in the sum of $4,700.00, subsequently reduced by the convening authority to $4,000.00), appellate defense counsel contend that his advice as to punishment was inadequate and misleading, and the accused's plea consequently improvident.

Though this very issue is presently pending before it (see e. g., *United States v. Wailly,* Docket Number 32,147, the United States Court of Military Appeals has not heretofore levied a requirement that advice on the maximum punishment extend to the fine which may be adjudged in addition to or in lieu of forfeitures of pay and allowances. See Manual for Courts-Martial, *supra,* paragraph 126*h*(3). We must, however, acknowledge appellate defense counsel's point that the case of *United States v. Cuen,* 9 U.S.C.M.A. 332, 26 C.M.R. 112, 119 (1958), tends to support their position. In *Cuen,* the Court reasoned that a court-martial sentence which includes a fine is, on the basis of its distinctive characteristics, a more severe form of punishment than one in which a forfeiture has been adjudged. On that basis, the Court held that a reviewing authority's commutation of an adjudged fine to a forfeiture was a permissible reduction in the degree and quantum of punishment.

Appellate government counsel, though conceding that in some instances a fine may be a more severe form of punishment than a forfeiture, maintain that this is not such a case, for in fact the monetary amount of the fine is much less than the forfeitures which could have been imposed. In any event, continue counsel, the quoted colloquy between the military judge and the trial counsel served to put the accused on notice that a fine was included with the specified maximum punishment.

We are initially inclined to agree with the Government's secondary position, particularly since the accused acknowledged he had discussed the maximum punishment with his certified defense counsel and understood what it "would be." See *United States v. Thomas,* 50 C.M.R. 638 (A.F.C. M.R. 1975), pet. denied, 50 C.M.R. 904 (1975). However, we find it unnecessary to resolve the issue on that basis, for we are otherwise convinced, in accord with the Government's principal argument, that the punishment imposed cannot reasonably be construed as in excess of that which the military judge advised the accused was the maximum authorized.

In the case of *United States v. Landry*, 14 U.S.C.M.A. 553, 34 C.M.R. 333 (1964), the late Chief Judge Quinn, speaking for the Court of Military Appeals, acknowledged that in general a fine has certain characteristics justifying its description in *Cuen, supra,* as a more severe punishment than forfeitures in a like amount. Having paid due service to *Cuen,* Judge Quinn then proceeded to place the matter in what we believe to be accurate perspective, with the observation that

> [i]n practical terms, however, a fine in an amount substantially less than that of the aggregate of the forfeitures is not as severe a punishment as the forfeitures. It is evident, therefore, that in a particular case the court-martial might prefer a fine to forfeitures as an appropriate sentence.

34 C.M.R. 333, at 335. The validity of Judge Quinn's assertion can be readily demonstrated in the present case.

Here, by pleading guilty, the accused, as the military judge specifically advised him, subjected himself to, among other penalties, a forfeiture of all pay and allowances. In real terms of what was at stake, the accused was thus apprised that he potentially stood to lose a monetary amount which over a prolonged period of confinement would be substantially in excess of the fine imposed. Conversely, the fine adjudged by the military judge, $4,700.00, was without dispute "substantially less than that of the aggregate of the forfeitures." As the punishment imposed was for all practical purposes significantly less severe than the accused was earlier advised he would be subjected to by his guilty plea, we may safely conclude such advice was in no rational manner misleading. We find the military judge's advise to the accused respecting the maximum punishment adequate, and the accused's plea of guilty accordingly informed and provident.

It should be clearly understood that our decision is, in general, limited to the present context. We are, for example, not here confronted with the issue in terms of a general court-martial sentence which includes a fine in addition to a forfeiture of pay and allowances; or one in which, to enforce collection, a fine is accompanied by a provision that in the event the fine is not paid, the accused shall, in addition to any period of confinement adjudged, be further confined until a fixed period considered an equivalent punishment to the fine has expired. See Manual for Courts-Martial, *supra,* paragraph 126*h* (3). Moreover, of particular significance to the conclusion here reached is that at the time of trial the accused had almost five years remaining on his enlistment. Admittedly our rationale would not necessarily apply to an accused who is soon to reach the end of his term of service. That event would terminate collection of forfeitures, since pay would no longer accrue against which forfeitures could operate, even though the individual be in military confinement. DOD Military Pay and Allowances Entitlements Manual, 1 January 1967, paragraph 70508b.

We are at the same time confident that the holding here reached encompasses all trials by special court-martial. Special courts-martial are not empowered to adjudge fines in addition to forfeitures, nor in excess of the total amount of authorized forfeitures, and the total period of confinement adjudged may not exceed the jurisdictional limitations thereof. *Id.*

For the reasons stated, the findings of guilty, and the sentence, as modified by the convening authority, are

Affirmed.

ROBERTS, Senior Judge, and HERMAN, Judge, concur.