**UNITED STATES**

v.

Randy L. WHITEKILLER, 444 60 5322, Aviation Structural Mechanic Airman (E–3), U. S. Navy.

NCM 79 0762.

U. S. Navy Court of Military Review.

Sentence Adjudged 9 Jan. 1979.

Decided 26 Nov. 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

FERRELL, Judge:

This is a reconsideration of our decision in this case dated 10 August 1979. In our previous opinion, we approved the findings and sentence as approved by the convening authority except that portion of the sentence which imposed a fine of $5,000.00, which was disapproved. The sentence as approved thus provided for discharge from the service with a dishonorable discharge, confinement at hard labor for 13 months, total forfeiture of all pay and allowances, and a reduction to pay grade E–1.

We have carefully considered several cases dealing directly with the issue of fines or forfeitures, or both. *United States v. Brown*, 1 M.J. 465 (C.M.A.1976); *United States v. Dill*, 2 M.J. 271 (A.F.C.M.R.1976); *United States v. Martinez*, 2 M.J. 1123 (C.G. C.M.R.1976); *United States v. Wailly*, No. ACM 21947 (A.F.C.M.R. 11 March 1976) (unpublished), *aff'd mem.* 5 M.J. 1131 (C.M.A. 1976) (summary disposition citing *United States v. Brown, supra*). Each of these cases deals with a particular fact situation and each can be distinguished from the question presented in the present case. *Brown* and *Martinez* involved special courts-martial. *Dill* and *Wailly* were general courts-martial cases which considered the providency of the plea; in both of those cases a fine, but no forfeitures, was imposed.

We are aware of no general court-martial case in which the appellant pleaded guilty before a military judge alone, who, during the providency plea inquiry, failed to advise appellant that total forfeitures and a fine could be imposed and who then sentenced the appellant to total forfeitures and a fine. We thus find ourselves faced with a case of first impression on this particular set of facts.

A study of the law convinces us that in this case the failure of the military judge to advise appellant that a fine as well as total forfeitures could be imposed did not render the guilty plea improvident but did establish the perimeter of pecuniary loss. We recognize that the amount of a fine in a

general court-martial is ordinarily unlimited by law and thus we will conclude that, in a case of this nature, before both total forfeitures and a fine can be approved the appellant must have been advised during the providency inquiry that his pecuniary loss could exceed the total forfeitures. We are therefore satisfied, after reconsideration, that our prior decision in this case approving the sentence except for the $5,000.00 fine was correct. We will point out, however, that this result is limited, and is applicable only in this narrow context to situations in which the facts are as described in this case.

The decision to disapprove the fine imposed in this case for the foregoing reasons makes it unnecessary to consider the issue involving the pretrial agreement.

Chief Judge CEDARBURG and Judge DONOVAN concur.*

---

* Judge John B. Root, Jr., who concurred in the original decision, was retired from active duty on 1 October 1979, thereby terminating his service as an appellate military judge; he took no part in the reconsideration. Judge Walter J. Donovan, Jr., USMC, was designated as a member of the panel for reconsideration.