**UNITED STATES**

v.

**Randal T. HINKLE, 346 50 5949, Sergeant (E–5), U. S. Marine Corps.**

**NCM 79 0582.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Jan. 1979.

Decided 21 Dec. 1979.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT B. J. Piazza, Jr., JAGC, USNR–R, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

FERRELL, Judge:

Appellant, in accordance with his guilty pleas, was convicted by a special court-martial, military judge alone, of two periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge sentenced appellant to be reduced to pay grade E–1, to be confined at hard labor for 5 months, to pay a fine of $1667.00, and to be discharged from the Marine Corps with a bad-conduct discharge. The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 3 months, to pay a fine to the United States Government in the amount of $1667.00, and reduction to pay grade E–1. The supervisory authority changed the $1667.00 fine to forfeitures of $277.00 pay per month for 6 months and remitted the remaining confinement at hard labor, and approved the sentence as changed.

This Court directed that briefs be submitted on the following issues:

I

Did the military judge commit error when he fined the appellant $1667.00 after advising him that the maximum punishment authorized in his case was a bad-conduct discharge, confinement at hard labor for a period of 6 months, forfeiture of two-thirds pay per month for a period of 6 months, and reduction to private, pay grade E–1?

II

If the military judge committed error in imposing a fine in this case, can the convening [sic] authority change the $1667.00 fine to forfeitures of $277.00 pay per month for 6 months?

This Court has recently decided that in a general court-martial, military judge alone, when a conviction is based on guilty pleas, the military judge in his advice to the accused establishes the perimeter of pecuniary loss. And when the military judge failed to advise the accused that he was subject to a fine in addition to total forfeitures, it was error for the military judge to impose a fine in addition to total forfeitures. *United States v. Whitekiller*, 8 M.J. 620 (N.C.M.R. 1979); *United States v. Lumsden*, No. 79 0866 (20 December 1979). We further decided that such a failure by the military judge did not render the guilty plea improvident.

We emphasized in *Whitekiller* that our decision applied only to the limited set of

circumstances set out in that type of situation. The case *sub judice* involved a similar situation insofar as the military judge imposed a fine without previously advising the accused of that possible punishment. This case, however, involves a special court-martial vice a general court-martial as was the case in *Whitekiller.*

■ We find no error by the military judge when he imposed the fine in the case *sub judice.* This issue was decided by the United States Court of Military Appeals in *United States v. Brown,* 1 M.J. 465 (C.M.A. 1976). Judge Cook, in his opinion for a unanimous Court, there stated:

> There are legal differences between a fine and a forfeiture of pay and allowances. Among them is the fact that a fine survives termination of entitlement of pay and can be collected by execution out of other property of the accused. *United States v. Cuen,* 9 U.S.C.M.A. 332, 339, 26 C.M.R. 112, 119 (1958). A fine, however, can only be imposed instead of a forfeiture; and more importantly, in the case of a special court-martial, the fine cannot be in an amount "in excess of the total amount of forfeitures which may be adjudged." Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 126 *h* (3). Thus, a fine in an amount less than or equal to, the allowable forfeiture of pay and allowances cannot be regarded as significant in terms of the pecuniary loss suffered by the accused.

*Id.,* at 466.

■ There being no error by the military judge in imposing a fine in this case, the supervisory authority had the discretion to change the fine to forfeitures in his action. *United States v. Cuen,* 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958).

Accordingly, the findings and sentence as changed and previously approved, are affirmed.

Chief Judge CEDARBURG and Judge DONOVAN concur.