## UNITED STATES

v.

**Daniel R. OLDHAM, 348 52 6111, Lance Corporal (E-3), U. S. Marine Corps.**

**NCM 77 2149.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 Aug. 1979.

Decided 23 May 1980.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT. Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, FERRELL and GREGORY, JJ.

PER CURIAM:

This case was originally tried on 5 August 1977; at that general court-martial, appellant pleaded to and was found guilty of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921. Appellant's sentence to a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of all pay and allowances, and reduction to pay grade E–1 was reduced by the convening authority, who approved a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $249.00 pay per month during the period of actual confinement, and reduction to pay grade E–1. Appellant actually served in confinement from 5 August 1977 to 3 January 1978, just under 5 months.

We subsequently reviewed the case and set aside the findings of guilty and the sentence. *United States v. Oldham*, No. 77 2149 (N.C.M.R. 3 May 1978). A rehearing was authorized and, on 13 August 1979, appellant was retried at a special court-martial sitting without members. Again pursuant to his pleas, appellant was found guilty of the same unauthorized absence and larceny charges as had been the subject of the previous general court-martial. Pursuant to the pretrial agreement, an additional charge of unauthorized absence was withdrawn with prejudice upon appellant's pleas having been determined provident. The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for 75 days, reduction in rate to pay grade E–1, and to a fine of $1000.00. The pretrial agreement permitted the convening authority to approve the sentence as adjudged; however, he credited appellant for the time served in confinement as a result of the sentence awarded at the first trial. Service of the confinement awarded at the rehearing was deferred from the date of trial until its rescission on 7 September 1979. The supervisory authority has approved the sentence approved by the convening authority and the case is before us for review.

■ Appellant's sole, summary, assignment of error is that,

INASMUCH AS THE ADDITIONAL CHARGE OF UNAUTHORIZED ABSENCE DID NOT AUTHORIZE THE FINE IMPOSED ($1000) AND NONE HAD BEEN ADJUDGED AT THE PRIOR TRIAL, SO MUCH OF THE SENTENCE ADJUDGED AT THE REHEARING EXTENDING TO A FINE OF $1000 WAS UNLAWFUL.

Appellant's argument, we can only infer, is that the imposition of the fine at this rehearing was a sentence element "in excess of or more severe than the one imposed at [the] previous hearing" in contravention of Article 63(b), UCMJ, 10 U.S.C. § 863(b), and paragraph 81d (1), *Manual for Courts-Martial, 1969 (Rev.)* (MCM). The government argues that paragraph 126h (3), MCM, gives all courts-martial the authority to adjudge fines in lieu of forfeiture with the provision that a special court-martial may not adjudge any fine in excess of the total amount of forfeitures which are permitted to be adjudged in the case. This, they interpret, means that a fine may be adjudged at a rehearing so long as it does not exceed the total dollar amount of the forfeitures authorized, as limited by the prior sentence. We agree with the government and affirm.

■ There is authority for the proposition that "all factors being equal, a sentence which includes a fine is a more severe sentence than one in which a forfeiture has been adjudged." *United States v. Cuen*, 9 U.S.C.M.A. 332, 339, 26 C.M.R. 112, 119 (1958). This language has not been read in a vacuum, however, and it has been recognized that oftentimes all factors are not necessarily equal. Thus, the Court of Military Appeals modified the *Cuen* approach in *United States v. Landry*, 14 U.S.C.M.A. 553, 555, 34 C.M.R. 333, 335 (1964), finding that:

In general, a fine has certain legal characteristics which justify its description as a more severe punishment than forfeitures in a like amount. *United States v. Cuen*, supra. In practical terms, however, a fine in an amount substantial-

ly less than that of the aggregate of the forfeitures is not as severe a punishment as the forfeitures. It is evident, therefore, that in a particular case the court-martial might prefer a fine to forfeitures, as an appropriate sentence.

More recently, the Court of Military Appeals has stated that:

There are legal differences between a fine and a forfeiture of pay and allowances. Among them is the fact that a fine survives termination of entitlement of pay and can be collected by execution out of other property of the accused. *United States v. Cuen*, 9 U.S.C.M.A. 332, 339, 26 C.M.R. 112, 119 (1958). A fine, however, can only be imposed instead of a forfeiture; and more importantly, in the case of a special court-martial, the fine cannot be in an amount "in excess of the total amount of forfeitures which may be adjudged." Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 126 h (3). *Thus, a fine in an amount less than or equal to, the allowable forfeiture of pay and allowances cannot be regarded as significant in terms of the pecuniary loss suffered by the accused.*

*United States v. Brown*, 1 M.J. 465, 466 (C.M.A.1976) (emphasis added). Unless an appellant can show why the fine is in fact a more severe punishment in his particular case, as a general rule, a fine equal to or less than the permissible forfeitures of pay and allowances will not automatically be considered more onerous than the forfeiture.

But for the sentencing limitations of Article 63(b), UCMJ, and paragraph 81d (1), MCM, the effect of ordering a rehearing, whether it is ordered by a convening or supervisory authority or by an appellate tribunal, *see* paragraph 92, MCM, is to place the government and the accused in the same position as they were at the beginning of the original trial. *United States v. Staten*, 21 U.S.C.M.A. 493, 45 C.M.R. 267 (1972); *United States v. Cox*, 12 U.S.C.M.A. 168, 30 C.M.R. 168 (1961); *United States v. Yelverton*, 40 C.M.R. 655 (A.B.R.1968); *United States v. Kincaid*, 17 C.M.R. 523

(N.B.R.1954). Thus, at the rehearing of this case, the court had the power to adjudge a fine instead of a forfeiture so long as it did "not adjudge any fine in excess of the total amount of forfeitures" which could be adjudged. Paragraph 126$h$(3), MCM. The total amount of forfeitures permissible in this case was $1245.00. Article 63(b), UCMJ; paragraph 81$d$(1), MCM. It is apparent that the fine of $1000.00 was well within the limits of the court relative to the monetary element of the sentence, and was not, therefore, unlawful. Appellant has not complained that the fine is overly severe as applied to his case and we perceive no indication that it would be, especially noting that the pretrial agreement between appellant and the convening authority allowed that authority to approve any forfeiture *or fine*, as adjudged. We will note that there was no error in the failure of the military judge to advise appellant during the inquiry into the providency of the pleas that the maximum sentence permissible in his case included a fine in lieu of forfeitures. *United States v. Hinkle*, 8 M.J. 731 (N.C.M.R.1980).

Accordingly, the findings and sentence as approved below are affirmed.