UNITED STATES

v.

**Technical Sergeant Gerald I. MOBLEY, FR565–86–1085, United States Air Force.**

**ACM 26528 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Sept. 1987.

Decided 19 Dec. 1991.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Colonel Richard F. O'Hair, Lieutenant Colonel Frank J. Spinner, Major George P. Clark, Captain Henry J. Schweiter, and Mr. William J. Holmes, Esq.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Captain James C. Sinwell.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

RIVES, Judge:

At the conclusion of a 3-week murder case, the trial counsel delivered an eloquent and persuasive findings argument. No objection was lodged until after the argument, when the defense moved for a mistrial. The defense counsel urged that the trial counsel had made numerous inappropriate comments that encouraged the members to speculate about the appellant's failure to testify. While we find the trial counsel's argument was improper, we hold that the error was harmless beyond a reasonable doubt.

The United States Court of Military Appeals, 31 M.J. 273 (C.M.A.1990), set aside our initial decision in this case, 28 M.J. 1024 (A.F.C.M.R.1989), and returned the record of trial to us for resolution of these questions:

1. Did trial counsel's argument constitute unfair comment on, or otherwise unfairly exploit, appellant's failure to testify in his own behalf?

2. Was defense counsel, in fact, precluded from objecting to trial counsel's argument by AFR 111-1, any local rule of practice, Air Force policy, or decision of the Air Force Court of Military Review?

3. If trial counsel's argument was error, did the military judge's instructions cure any harm resulting therefrom?

4. If trial counsel's argument was error, was it harmless beyond a reasonable doubt?

31 M.J. at 280. We answer the first question and the last two affirmatively and the second in the negative and will address them seriatim.

## I

### Trial Counsel's Argument

The appendix to the earlier Court of Military Appeals decision in this case, 31 M.J. at 280-82, contains excerpts of the trial counsel's findings argument. The appellant complained in his pleadings before both this Court and the Court of Military Appeals that the trial counsel's argument improperly invited the court members' attention to the fact that he had not testified. Our earlier review of this case examined several matters in detail, then generally found no merit in this issue and the other matters raised. 28 M.J. at 1027, 1035.

Closing argument is an art wherein the facts and law are mustered to produce a persuasive case for the advocate. Argument is not evidence, but it is an opportunity to assist the fact finder to understand and interpret the evidence. Within limits, counsel can be creative. We realize that "[t]he line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone." *United States v. Young*, 470 U.S. 1, 7, 105 S.Ct. 1038, 1042, 84 L.Ed.2d 1 (1985). Each case necessarily turns on its own facts. *United States v. Abbott*, 17 U.S.C.M.A. 141, 144, 37 C.M.R. 405, 408 (1967).

■ This trial counsel wanted to cut a fine line to sway the members without crossing into obviously illegal argument, so he did not directly attack the appellant's reliance on his constitutional right to remain silent. The issue is whether his allusions to the appellant's failure to testify nevertheless went too far.

Clearly, the defensive shield that allows an accused to remain silent at trial must not be transformed into a prosecutor's sword in argument. The Court of Military Appeals decision in this case affirms the "black letter law that a trial counsel may not comment directly, indirectly, or by innuendo, on the fact that an accused did not testify in his defense." 31 M.J. at 279, *citing Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *see also United States v. Clifton,* 15 M.J. 26, 30 (C.M.A.1983) (deciding it "was unconscionable for trial counsel repeatedly to emphasize appellant's assertion of his rights"); *see generally* Annotation, *Comment or Argument by Court or Counsel that Prosecution Evidence is Uncontradicted as Amounting to Improper Reference to Accused's Failure to Testify,* 14 A.L.R.3d 723 (1967).

We recognize the disadvantages of an appellate court in reviewing an issue of this nature. As Judge Cox notes, we are limited by the "cold, written record" and do not benefit from actually being present in court "to observe [the] demeanor" of the counsel making the disputed argument. 31 M.J. at 279; *see* Article 66(c). Further, this argument was seen and heard by the military judge, who did not intervene sua sponte.

In his argument, the trial counsel posed various questions and then answered them based upon evidence that was before the court, a technique that can be both effective and permissible. The defense counsel did not object as the comments were made. When he lodged his objection in an Article 39(a) hearing, the military judge pronounced his view that the trial counsel's comments were merely "rhetorical."

Unfortunately, the rhetorical questions here were addressed to the appellant in a manner calculated to bring attention to his silence. Careful reading of the entire argument persuades us that many of the trial counsel's comments passed the bounds of oratorical flourish and became objectiona-

ble as unfair comment on the appellant's decision not to testify in his own behalf. By innuendo, they shifted the burden of producing evidence to the appellant, who sat silent in court. The trial counsel's argument was objectionable, because in a strict legal sense it unfairly exploited the appellant's decision not to testify.

## II

### Restrictions on Objections?

■ The defense did not object to the improper remarks as they were made. The lack of a contemporaneous objection helped permit continuation of the trial counsel's rhetorical technique, which leads to our remaining issues for review.

After the military judge recessed court at the close of the trial counsel's argument, the defense requested an Article 39(a) session. The lead defense counsel then asked for a mistrial because of "improper argument." He asserted that the trial counsel had "fired rhetorical questions at [the appellant], repeatedly calling attention to the fact that [the appellant] did not testify." The defense counsel stated that he had not objected during the trial counsel's argument "because of course, the regulation under which we live, AFR 111–1 provides that you should not object during argument." He added that had such an objection not been sustained, he "did not want to be in the position of attempting to derail [the trial counsel]'s argument in any way."

We are satisfied that no aberrant rule prevented the trial defense counsel from immediately objecting to the improper argument of the trial counsel. To be certain, following remand of this issue we ordered appellate government counsel to produce any Air Force or local rule of practice that might have inhibited the trial defense counsel from objecting immediately to the improper closing argument. No such rule existed.[1] No Air Force rule or policy restricted the defense from lodging a contem-

---

1. The sole remotely relevant rule at the time of the appellant's court-martial is contained in Air Force Regulation 111–1, *Military Justice Guide,* Attachment 2, Rules for Trial Courts, Rule 5.14

(1 August 1984). That rule prohibits argument of "untrue" facts or circumstances and it proscribes interjection of personal opinions into argument.

poraneous objection to the trial counsel's argument.

It is well-established that a prosecutor may strike hard blows in argument, and the failure of the defense to object to improper argument normally constitutes waiver. *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956); *United States v. Collins,* 3 M.J. 518, 521 (A.F.C.M.R.1977). Without question, an immediate objection would have been appropriate here. It also would have been most effective. Using the defense counsel's language, a prompt objection could indeed have "derailed" the trial counsel from pursuing his line of objectionable rhetorical questions. We note, however, that failing to object *during* argument did not waive the objection. The objection is preserved so long as it is made "before the military judge begins to instruct the members on findings." R.C.M. 919(c). The deferred objection here was timely, if not tactically sound. *See generally United States v. Wood,* 18 U.S.C.M.A. 291, 293, 40 C.M.R. 3, 5 (1969).

It is appropriate to consider whether the military judge erred by failing to interrupt the improper portions of the argument. Sometimes an argument is so outrageous that the military judge, who "is more than a mere referee," must interrupt sua sponte "to assure that the accused receives a fair trial." *United States v. Graves,* 1 M.J. 50, 53 (C.M.A.1975); *see also United States v. Grady,* 15 M.J. 275 (C.M.A.1983); *United States v. Nelson,* 1 M.J. 235, 238–39 (C.M.A.1975). Here, the military judge viewed the argument as acceptable commentary that did not improperly invite, in his words, "attention to the fact that the accused did not testify in his own behalf." Of course, had the military judge recognized that the trial counsel's argument was improper, he should have immediately provided a cautionary instruction to the members. R.C.M. 919(c), Discussion; *see United States v. Kilbourne,* 31 M.J. 731, 734 (A.F.C.M.R.1990). While disagreeing with the trial judge's characterization of the argument, we do not find the argument was so egregious as to have required the military judge to interrupt on his own motion.

## III

### The Mistrial Motion

When the defense counsel finally voiced his objection to the trial counsel's argument, he specifically requested a mistrial. Mistrial is a drastic remedy and is mandated only when "manifestly necessary in the interest of justice." R.C.M. 915(a). Declaring a mistrial is a matter within the discretion of the military judge, and his decision will only be reversed for a clear abuse of discretion. *United States v. Rushatz,* 31 M.J. 450, 456 (C.M.A.1990); *United States v. Dennis,* 16 M.J. 957, 965 (A.F.C.M.R.1983). Although the military judge erroneously ruled that the argument was not improper, we conclude that he did not abuse his discretion in denying this motion. *See United States v. Evans,* 27 M.J. 34, 39 (C.M.A.1988).

So long as justice is served by the less drastic remedy, curative instructions are preferred over the grant of a mistrial. *See United States v. Balagna,* 33 M.J. 54, 56 (C.M.A.1991). After he denied the motion for a mistrial, the military judge stated that his instructions would "take care of any possibility that any of these members might misconstrue trial counsel's argument as a comment on the accused's failure to testify."

## IV

### Curative Instructions

Even though error was not detected at the trial level, we can nonetheless evaluate the instructions that were given and determine whether they were responsive to the error and cured any harm.

The judge's standard instructions advised the members of the appellant's absolute right to remain silent, of the requirement that they draw no adverse inference from the fact that he had not testified, and of the rule that the exposition of facts by counsel was argument and not evidence.

He also tailored the following remarks to the members:

[Y]ou heard the trial counsel during the course of his argument of the evidence, ask certain rhetorical questions which appeared to be directed toward the accused.... I think it was obvious to you that these were [a] rhetorical form of questions and a rhetorical form of argument, but I do caution you again, that the accused has an absolute right to remain silent, and you will not draw any inference adverse to the accused from the fact that he did not testify as a witness.

■ Absent evidence to the contrary, it is presumed that members comply with instructions. *United States v. Ricketts,* 1 M.J. 78, 82 (C.M.A.1975); *United States v. Mahone,* 14 M.J. 521, 525 (A.F.C.M.R.1982), *pet. denied,* 14 M.J. 454 (C.M.A.1982). Before the members recessed to deliberate, the judge provided them with a written copy of his instructions. *See United States v. Turner,* 30 M.J. 1183, 1185 (footnote) (A.F.C.M.R.1990). The written instructions did not include the comments quoted above on the trial counsel's use of "rhetorical questions." However, this was not error. Neither the trial nor defense counsel objected to the instructions as given or requested additional instructions, nor did any counsel object to the written instructions that were provided to the members. *See* R.C.M. 920(d).

Certainly, not every error can be made harmless by a trial judge's instructions. *See United States v. Grissom,* 1 M.J. 525, 527 (A.F.C.M.R.1975). We are satisfied in this case, however, that the instructions adequately ameliorated any prejudice caused by the improper comments. Although the judge had not found the argument to be error, he provided a proper and effective curative instruction.

V

Harmless Error

■ Since the trial counsel's argument contained some legally inappropriate comments, we must evaluate the resultant harm. The argument improperly highlighted the appellant's failure to testify, a decision that is protected by the Fifth Amendment. When an error of constitutional magnitude has been committed, we can approve a conviction only if we decide that the error "was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *accord United States v. Brooks,* 25 M.J. 175, 180 (C.M.A.1987).

To find harmless error, we must be satisfied that there was no reasonable possibility the improper comments contributed to the appellant's conviction. *See generally* Annotation, *Violation of Federal Constitutional Rule (Griffin v. California) Prohibiting Adverse Comment by Prosecutor or Court Upon Accused's Failure to Testify, As Constituting Reversible or Harmless Error,* 24 A.L.R.3d 1093 (1969). It is appropriate to assess the improper argument in the context of the entire trial. *See United States v. Remai,* 19 M.J. 229 (C.M.A.1985) (when constitutional error has been committed but "overwhelming independent evidence of guilt" exists, the case must be tested for prejudice).

The argument here was a subtle, indirect attack on the appellant's failure to testify. Having found the remarks improper, we will follow the approach of *Lent v. Wells,* 861 F.2d 972, 975 (6th Cir.1988), to decide if the error is harmless. The following factors will be analyzed:

1) whether the language used was "manifestly intended" as comment on the failure of the appellant to testify or was of such a character that the members would "naturally and necessarily" take it as such;

2) whether the improper comments were isolated or extensive;

3) whether evidence of guilt is overwhelming; and

4) whether curative instructions were given, and when.

Applying those factors, we conclude the errors in argument were harmless. We do not find the trial counsel "manifestly intended" to comment on the appellant's silence; we find another explanation for his

remarks equally plausible. *See United States v. Rochan*, 563 F.2d 1246, 1249 (5th Cir.1977). In his zeal to deliver a compelling argument, the trial counsel decided to delve deeply into the "gray zone" of advocacy. He did not deliberately cross the line to impermissible argument. Similarly, we do not believe the members would "naturally and necessarily" construe the argument as a reflection on the appellant's failure to testify. *See United States v. Robinson*, 651 F.2d 1188, 1197 (6th Cir.1981). After analyzing the context of the comments and considering the likely effect of the curative instructions, we are satisfied with the members' ability to put the entire argument in a proper perspective.

The argument was quite lengthy, and while improper remarks were made several times, they do not account for a large portion of the total argument presented. *But see* Annotation at 14 A.L.R.3d 723 § 6. Further, counsel's ill-advised choice to defer his objection contributed to the extent of improper argument.

This Court previously decided that the record overwhelmingly establishes the appellant's guilt. 28 M.J. at 1032. Upon further review, we maintain that conclusion. Since the appellant's guilt was unequivocally proven, the likelihood of harm from the improper argument is reduced. *See United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); *see generally* Annotation, *Supreme Court's Views as to What Courtroom Statements Made by Prosecuting Attorney During Criminal Trial Violate Due Process or Constitute Denial of Fair Trial*, 40 L.Ed.2d 886, 895 (1974).

We have observed that "[p]rosecutorial improprieties are not reversible error unless they are so gross as to prejudice the accused, and the prejudice is not neutralized by the trial judge." *United States v. Sloan*, 30 M.J. 741, 748 (A.F.C.M.R.1990). Here, the trial counsel's argument included some improper comments, but the military judge tailored an instruction to insure that the members were not unduly influenced. Considering the argument as a whole and evaluating it in the light of the entire record, we are satisfied that the improprieties in the argument were inconsequential.

On initial review, this Court did not find prejudicial error. We now reaffirm that determination. We are persuaded beyond a reasonable doubt that, even in the absence of the improper argument, the appellant would have been convicted. *See Chapman v. California*, 386 U.S. at 23–26, 87 S.Ct. at 827–29; *Fahy v. Connecticut*, 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). The argument was error, but it was harmless beyond a reasonable doubt.

This decision must not be read as an indorsement of the trial counsel's technique. We explicitly find his comments improper. He needlessly jeopardized an otherwise sound conviction. *See United States v. Hasting*, 461 U.S. at 512, 103 S.Ct. at 1982. It may well be, to paraphrase Shakespeare, that the better part of advocacy is discretion.[2]

### VI

Having answered the specified questions of the Court of Military Appeals, the record of trial is returned to that Court in accordance with their instructions. 31 M.J. at 280.

Senior Judge LEONARD and Judge JAMES concur.

---

**2.** *See* I Henry IV, Act V, Scene 4, Line 120.