**UNITED STATES**

v.

**Willie DENNIS Jr., 251 45 9838,
Private First Class (E–2),
U.S. Marine Corps.**

**NMCM 92 00553.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 23 Oct. 1991.

Decided 8 Oct. 1993.

Lt David P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

Lt J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before REED, Senior Judge, and LAWRENCE and DeCICCO, JJ.

PER CURIAM:

Following mixed pleas at a general court-martial, appellant was convicted of violations of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886 and 921. Officer members sentenced appellant to be reduced to pay grade E–1, to be confined for 9 months, to forfeit $753.00 pay per month for 6 months, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence. Appellant assigns three errors before this Court.[1]

In his first assignment of error, appellant requests that we set aside the guilty finding of the contested charge of wrongful appropriation of a vehicle. This argument is based on a comment made by the assistant trial counsel (ATC) during his closing argument on findings that "No evidence was presented here today to refute what Private Johnson had to say." Record at 132. Private Johnson was the central prosecution witness and owner of the vehicle involved in the Article 121 charge. The appellant did not testify on the merits at trial and the defense presented no evidence whatsoever in its case in chief. The defense counsel interrupted the ATC's argument by immediately objecting. The military judge sustained the objection, and as soon as the ATC completed his argument, the military judge gave the members a curative instruction. Record at 133.

Nonetheless, a short time later while the military judge was instructing the members, one of them submitted a written question to the military judge inquiring as to whether the appellant could be asked a question. The military judge answered in the negative and again instructed the members that the appellant had an absolute right to remain silent, that no adverse inferences be drawn from such silence, and that they should disregard the fact that he did not testify. Record at 147. He asked all the members if they understood this and he received an affirmative response. Appellant was charged with larceny of Private Johnson's vehicle, but the members convicted him of the lesser included offense of wrongful appropriation.

■■■ It is clear that a trial counsel may not comment directly, indirectly, or by innuendo, on the fact that an accused did not testify in his defense. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Mobley*, 31 M.J. 273

---

1. I. TRIAL COUNSEL CAUSED PREJUDICIAL, REVERSIBLE ERROR WHEN HE SUGGESTED TO THE MEMBERS IN HIS CLOSING ARGUMENT THAT THE APPELLANT HAD NOT TESTIFIED TO REBUT THE GOVERNMENT'S CASE. .

II. THE GENERAL COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION OMITTED.)

III. THE GENERAL COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATIONS AND FOOTNOTE OMITTED.)

(C.M.A.1990). If such comments are made, the record must be examined for prejudice to determine whether the error was harmless. *Id.* We find that the comment by the ATC that the testimony of the prosecution's central witness was not refuted, even if improper, was harmless beyond a reasonable doubt.

Many cases support the conclusion that a bare statement to the effect that the prosecution's evidence generally, or that of a particular witness or witnesses, is uncontradicted or undenied, is not an improper reference to the accused's refusal to testify. Annotation, Comment On Argument By Court Or Counsel That Prosecution Evidence Is Uncontradicted As Amounting to Improper Reference to Accused's Failure To Testify, 14 A.L.R. 3rd 723, 763. Also, many state and federal courts, when confronted with a situation where an argument is made that evidence for the prosecution is uncontradicted or undenied, have found that such comments do not constitute an improper reference to the accused's failure to testify and simply reflect the prosecution's description on the weight and force of its own evidence or the credibility of its witnesses. *Id.*, at 769 and August 1992 Supplement at 72–75.

We believe such was the case here. But assuming *arguendo*, that there was an "indirect" comment or one "by innuendo" on his silence, we find it harmless in this case.

■ In reviewing the potential impact of such comments, we follow the lead of the Air Force Court of Military Review in *United States v. Mobley*, 34 M.J. 527 (A.F.C.M.R. 1991) and look to the following factors established in *Lent v. Wells*, 861 F.2d 972, 975 (6th Cir.1988):

1) whether the language used was "manifestly intended" to comment on failure of the appellant to testify or was of such a character that the members would "naturally and necessarily" take it as such;

2) whether the improper comments were isolated or extensive;

3) whether evidence of guilt is overwhelming; and

4) whether curative instructions were given, and when.

In reviewing the ATC's entire closing argument, we do not believe his comment was intended to attack appellant's failure to testify or that the members would naturally and necessarily take it as such. His argument can be reasonably viewed as one that was attempting to bolster his own evidence and to argue the credibility of Private Johnson. Second, the comment was an isolated one. It was one sentence out of an argument that encompassed four single-spaced pages of the record of trial. Third, the evidence in this case regarding the guilt of the accused of wrongful appropriation was overwhelming. Private Johnson testified in great detail as to the scope of his permission for the appellant to use his vehicle, namely to pick it up at Cherry Point, drive it Camp Lejeune, park it and then start it up every 7 to 10 days. The evidence, including the place and manner of the vehicle's recovery, showed the extent of appellant's criminal activity. Appellant had driven the car extensively, putting about 16,-000 miles on the car and was apprehended in the vehicle in Kinston, North Carolina, a place beyond the scope of appellant's authorization.

Lastly, the military judge gave the members curative instructions both at the time of argument and again in his closing instructions just prior to the court's deliberations. The defense had requested such an instruction earlier in the trial. While a member did raise an inquiry concerning posing a question to the appellant, the military judge correctly denied the request, gave a second curative instruction, and emphasized his point by asking the members if they understood the instruction. He received an affirmative response from the members. Absent contrary evidence we presume that the members followed this instruction. *Mobley*, 34 M.J. at 531. Therefore, we conclude that the argument of the ATC, even if improper, was certainly harmless. This assignment of error lacks merit.

The appellant's remaining assignments of error are also without merit. *United States v. Graf*, 35 M.J. 450 (C.M.A.1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

Accordingly, the findings and sentence, as approved on review below, are affirmed.