**UNITED STATES**

v.

**Ciro LALLA, 114 54 7402, Mess Management Specialist Seaman Recruit (E–1), U.S. Navy.**

**NMCM 83 2880.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 5 March 1983.

Decided 17 Oct. 1983.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

LCDR D.L. Kelly, JAGC, USN, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and MITCHELL and BARR, JJ.

BARR, Judge:

Appellant entered pleas of guilty at a special court-martial to 29 specifications of failure to go to restricted man's muster, charged as a violation of Article 86, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. § 886. Properly admitted into evidence during the sentencing phase of the trial, conducted before a court composed of officer members, were records of two prior convictions by special court-martial. The latter of the two courts-martial was tried on 8 December 1982. The sentence ad-

judged in that case involved, as the form of restraint, restriction for 60 days and hard labor without confinement for a like period, to run concurrently. Due to the limitations on execution of sentences set forth in Article 57(c), UCMJ, 10 U.S.C. § 857(c), the service of the sentence to the above restraint did not commence until 13 January 1983, the date the convening authority approved and ordered the sentence executed. We surmise that the failure-to-go offenses involved in the instant case were the product of appellant's delicts in performing the sentence to restriction adjudged by the aforementioned court-martial. With this factual predicate, we now consider the two assignments of error raised by appellant for our consideration.

## I

THE MILITARY JUDGE ERRED IN FAILING TO ASCERTAIN WHETHER THE APPELLANT UNDERSTOOD THAT THE COURT WAS EMPOWERED TO ADJUDGE A BAD CONDUCT DISCHARGE ONLY BY OPERATION OF PARAGRAPH 127c, SECTION B, OF THE MANUAL FOR COURTS–MARTIAL, 1969 (REV.). *UNITED STATES V. CARE*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

## II

THE MILITARY JUDGE FAILED TO INSTRUCT THE MEMBERS CONCERNING THE ESCALATOR EFFECT OF PARAGRAPH 127c, SECTION B, MCM. *UNITED STATES V. TIMMONS*, 13 M.J. 431 (C.M.A.1982).

At the outset, we confirm that the military judge failed, as averred, to give the advice and instruction. We join the issues for consideration because of the similarity in legal analysis which controls the disposition of each.

Obvious from the facts detailed above is that, under the circumstances of this case, that is, the existence of two prior convictions by courts-martial *and* conviction of two or more offenses, each of which has a maximum punishment to confinement of one month and none of which, standing alone, authorizes imposition of a bad conduct discharge, two distinct escalator clauses were applicable in determining the maximum imposable punishment. Paragraph 127c, Section B, *Manual for Courts-Martial, 1969 (Rev.)*, (MCM).[1]

We first note that, contrary to appellant's assertion, *United States v. Care, supra,* does not require that an accused be advised of the maximum punishment imposable by a court-martial and, thus, does not, as a necessary corollary, mandate the giving of the supplementary advice concerning the application, by operation of law, of the various escalator clauses provided for in Paragraph 127c, Section B, MCM. Similarly, we cannot agree with the inference suggested by the Government that no duty is placed upon a military judge to inform an accused of the operation of an escalator clause or to so instruct the members of the court.

The *sua sponte* duty of the military judge in both instances is clear. Paragraph 70b (2), MCM, provides:

"The military judge ... must explain to the accused the maximum authorized punishment, including permissible additional punishment (127c, Section B), as appropriate, which may be adjudged upon conviction of the offenses."

As to the "two or more offenses" clause, the advice can, and must, be given as part of the providence inquiry, for the pleas of the accused to specific offenses render the application of the clause immediate. Of course, absent clairvoyance, a military

---

1. "If an accused is found guilty of an offense or offenses for none of which ... bad-conduct discharge is authorized, proof of two or more previous convictions adjudged by a court during the three years next preceding the commission of any offense of which the accused stands convicted will authorize bad-conduct dis- charge.... If an accused is found guilty of two or more offenses for none of which ... bad-conduct discharge is authorized, the fact that the additional authorized confinement without substitution for these offenses is six months or more will, in addition, authorize bad-conduct discharge...."

judge would not then be on notice of the possible application of the "two or more" previous convictions" clause. He is, however, then aware of the condition which would trigger the application of that clause—a guilty plea to an offense which would not authorize the imposition of a bad conduct discharge. *Guidance*[2] for this situation is provided a military judge by Appendix 8*b*, MCM, at A8–15, which sets forth the advice to be given to an accused concerning the "prospective effect of proof of these convictions." (Emphasis supplied).

The law which requires the military judge to instruct the members of the court is equally express. Paragraph 76*b*(1), MCM, provides:

"If an additional punishment is authorized because of the provisions of 127*c*, Section B, . . . the military judge . . . *should* advise the court of the basis of the increased permissible punishment." (Emphasis added).

■ Lest there be any question as to whether the word *should* is to be construed as mandatory or precatory, we need only consult a long line of decisions of the United States Court of Military Appeals, which leaves no doubt that the duty to instruct is obligatory, not discretionary. *See, United States v. Turner,* 9 U.S.C.M.A. 125, 25 C.M.R. 386 (1958); *United States v. Zemartis,* 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959); *United States v. Hutton,* 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964); *United States v. Yocum,* 17 U.S.C.M.A. 270, 38 C.M.R. 68 (1967); *United States v. Timmons,* 13 M.J. 431 (C.M.A.1982).

■ While no decision of our highest Court has considered whether the failure of the military judge to advise an accused that the additional punishment of a bad conduct discharge (or other forms of punishment, as appropriate) is imposable by the application of an escalator clause constitutes error, we

harbor no doubt that such is the result.[3] Paragraph 70*b*(2), MCM, makes it mandatory upon a military judge to provide such advice to an accused as part of the providence inquiry. As a Manual provision has the force and effect of law and is binding on military courts, failure to observe its dictates is error. *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962).

■ Categorizing the delicts, now manifest, as error, however, is not the end of the inquiry. As indicated, the requirement to advise an accused is incorporated by Paragraph 70*b*, MCM, as part of the providence inquiry. Having concluded that the strictures of *Care, supra,* with its virtual automatic reversal rule, do not apply, we are still confronted with holdings such as *Green*[4] (failure to inquire into a pretrial agreement will render improvident the guilty plea of an accused) and *Castrillon-Moreno*[5] (substantial misadvice concerning the maximum punishment imposable renders a guilty plea improvident). We see no need to search for a distinction between the issues involved in the aforementioned cases and those present in the instant case. The Court of Military Appeals is clearly on record in concluding that the failure to instruct as required by Paragraph 76*b*(1), MCM, affects only the sentence, not the findings. *See, Hutton, supra; Yocum, supra; Timmons, supra; United States v. Nelson,* 2 M.J. 175 (C.M.A.1976); *United States v. Murray,* 19 U.S.C.M.A. 109, 41 C.M.R. 109 (1969).

Common sense would suggest that the same rationale should dictate as to a violation of Paragraph 70*b*(2), MCM. *United States v. Zemartis, supra,* supports this conclusion. Though the Court of Military Appeals in *Zemartis* found it to be error where the president of the court failed to conditionally advise the accused during the provi-

---

2. *See,* Latimer, J., (dissenting) in *United States v. Zemartis,* 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959).

3. For reasons which are made obvious by reference to its facts, the decision in *United States v. Zemartis, supra,* is not controlling.

4. *United States v. Green,* 1 MJ 453 (CMA 1976).

5. *United States v. Castrillon-Moreno,* 7 MJ 414 (CMA 1979).

dence stage of the possible effect of Paragraph 127c, Section B, MCM, as provided for in Appendix 8a, *Manual for Courts-Martial, United States, 1951,* the Court did not reverse the findings. The disposition was to affirm the decision of the Navy Board of Review, which had approved a sentence which did not include a bad conduct discharge.[6]

As an error predicated on failure to comply with the instructional requirement of Paragraph 76b(1), MCM, or the advice requirement of Paragraph 70b(2), MCM, affects only the sentence, and not the providence of a guilty plea, we apply the applicable tests for prejudice to determine what disposition to take.

■ *United States v. Timmons, supra,* provides the test for a Paragraph 76b(1), MCM, instructional error. An "instructional omission ... is not prejudicial error unless 'there is a fair risk that no punitive discharge would have been adjudged had the court been so advised.' ... (T)he failure to give the instruction must be examined along with the other evidence in the record to determine whether *prejudicial* error occurred." In this case, appellant was represented by qualified lawyer counsel. That counsel not only did not request the "escalator clause" instruction, but also agreed that the instructions of the military judge were correct and complete. As stated earlier, appellant's disciplinary record, consisting of two convictions by court-martial—one of which was but three months old at the time of the instant trial—is abysmal, and could hardly have been judged differently by the members. Two separate escalator clauses under Paragraph 127c, Section B, MCM, applied in this case—and the members would have been so advised.

Finally, a correct instruction as to the "two or more offenses" clause would have apprised the members that a failure-to-go offense is only punishable by one month confinement. Rudimentary mathematics would have revealed to the members that, absent the jurisdictional limitations of a special court-martial, the authorized punishment would have extended to 29 months of confinement. These factors considered, we conclude that there was no fair risk of prejudice in the failure to instruct as required by Paragraph 76b(1), MCM.[7]

■ The test to apply for a violation of the advice requirement of Paragraph 70b(2), MCM, has not been articulated by the Court of Military Appeals. We, therefore, will apply the test set forth in Article 59(a), UCMJ, asking whether appellant was misled in a material manner in his decision to plead guilty and whether he suffered any material prejudice to a substantial right as a result of the omitted advice. In addition to the factors enumerated above in testing for prejudice based on the instructional error, we note that appellant entered into a pretrial agreement in order to limit the punishment substantially below that of the jurisdictional maximum of the court. In our review of the providence inquiry, we find neither justification nor excuse offered by appellant for any of the 29 offenses committed. The probability that a valid defense would have been presented had any of the offenses been litigated is virtually nil. For the advice concerning "two or more offenses" to have any favorable impact for appellant, he would have had to contest, and prevail in, at least 24 of the 29 specifications alleged. As noted, we view the prospect of success through such a ven-

---

6. Even were we to conclude that omission of the advice required by Paragraph 70b(1), MCM, affected findings, automatic reversal is not the inexorable result. Article 59(a), UCMJ, 10 U.S.C. § 859(a), requires an error to materially prejudice the substantial rights of an accused before either the findings or sentence can be set aside. Furthermore, every misadvice as to the maximum punishment does not invalidate pleas of an accused. An "insubstantial variation in sentence advice" will not affect the findings. *United States v. Muir,* 7 M.J. 448

(C.M.A.1979). Thus both the UCMJ and case law require us to search the record for evidence of material prejudice, the latter being the touchstone upon which reversal of findings is conditioned. As we will make evident, we find no such prejudice to exist.

7. This appears to be a classic case for adoption of the rationale expressed in *Timmons, supra,* footnote 5, at 436.

ture to be all but illusory. Furthermore, even if such a tack had been attempted and had proved availing, the "two or more previous convictions" clause remained and nothing short of a complete acquittal could avoid its application. We will also presume that appellant was properly and correctly advised by his attorney that both escalator clauses could be considered as augmentors of the sentence. Under these circumstances, we conclude that the failure of the military judge to advise appellant as required by Paragraph 70b(2), MCM, created no fair risk that appellant was misled in his decision to enter pleas of guilty and resulted in no material prejudice to any substantial right possessed or afforded by virtue of law.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge ABERNATHY and Judge MITCHELL concur.