**UNITED STATES, Appellee,**

v.

**Private First Class Frank A. POLOM-SKI, SSN 381–66–3530, United States Army, Appellant.**

**CM 443994.**

U.S. Army Court of Military Review.

25 June 1984.

Captain Claudio F. Gnocchi, JAGC, argued the cause for appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, and Major Lawrence F. Klar, JAGC.

Captain Edmond R. McCarthy, Jr., JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain David A. Brown, JAGC, and Captain Daniel N. Velling, JAGC.

Before the Court Sitting En Banc.

OPINION OF THE COURT

HANSEN, Chief Judge:

In accordance with his pleas the appellant was convicted, by a military judge

sitting as a general court-martial, of three specifications of distribution of hashish, one specification of possession of hashish, one specification of possession with intent to distribute hashish, and an additional charge of conspiracy to distribute hashish, violations of Articles 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 881 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances, a $2,000.00 fine, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant contends that the military judge erred by imposing a fine when he failed to include the possibility of a fine in addition to total forfeitures in his advice to the appellant regarding the maximum imposable punishment. This Court has put forth two divergent views on this issue in *United States v. Holmes,* 15 M.J. 1036 (A.C.M.R.1983) and *United States v. Shirley,* 16 M.J. 567 (A.C.M.R.), *petition granted,* 17 M.J. 66 (C.M.A.1983). In *Holmes,* a panel of this Court followed the considerable weight of authority from our sister services in holding the failure to so advise was error.[1] In *Shirley,* another panel declined to follow the *Holmes* rationale, asserting that the authority upon which *Holmes* rests relied upon a misapplication of the principles set forth in *United States v. Crawford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961), which dealt with the duty of court members to follow sentencing instructions and did not deal with the plea inquiry in judge alone cases. Although the court in *Shirley* recognized that advice to an accused regarding a possible fine is the better practice, it refused to find error in the event of a failure to so advise. We agreed to hear this case *en banc* in an attempt to resolve this issue. For the reasons explained below we hold that it was error for the military judge to impose a fine after failing to inform the accused during the providence inquiry that a fine was an imposable additional punishment.

The usual starting point for an analysis of this issue is *United States v. Crawford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961), where the Court of Military Appeals held that when the military judge fails to instruct the court that reduction was a permissible punishment, the court's punishment was thereby limited to exclude reduction. The Court held that the "instructions mark out the legal framework within which the court may properly exercise its powers." *Id.* at 204, 30 C.M.R. at 204. It is this language which has prompted the majority of courts to hold that if the military judge did not advise the accused during the providence inquiry that a fine was a permissible punishment, then no fine could be adjudged. In *Shirley,* the Court referred to the *Crawford* analysis as being a "house of cards" upon which *Holmes* and other cases setting aside the fine were built. *United States v. Shirley,* 16 M.J. at 568.

The difficulty courts have had with this issue is that undue emphasis has been given to the principles relating to the providence of the plea. *See United States v. Hunt,* 7 M.J. 985, 988 (A.C.M.R.1979), *affirmed,* 10 M.J. 222 (C.M.A.1981). The standard situation in providence cases is that an accused negotiated his deal and entered his plea of guilty believing that the maximum punishment was much higher than it actually was. For example, in his risk assessment, an individual who believes that he is facing confinement for six years might prefer to cap the sentence by a negotiated guilty plea, but would prefer to contest the case by a not guilty plea if the maximum sentence were only two years. The usual remedy where the providence of the plea is involved as opposed to the "legal framework" analysis is to set aside the pleas and permit an accused to plead not guilty, or negotiate another sentence limitation based on the correct maximum sentence. *See United States v. Dowd,* 7 M.J. 445 (C.M.A.1979); *United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979); *United States v. Harden,* 1 M.J. 258 (C.M.A.1976).

---

1. *United States v. Combs,* 15 M.J. 743 (A.F.C.M.R.1983); *United States v. Whittier,* 14 M.J. 606 (A.F.C.M.R.1982); *United States v. Whitekiller,* 8 M.J. 772 (N.C.M.R.1979), *reconsidered,* 8 M.J. 620 (N.C.M.R.1979); *United States v. Martinez,* 2 M.J. 1123 (C.G.C.M.R.1976).

However, in the case *sub judice,* the reverse situation is present. The maximum legal sentence is actually greater than the accused believed at the time he negotiated the deal or entered his pleas. Appellant was specifically advised that total forfeitures was the monetary limitation whereas in actuality he could have received both total forfeitures and a fine. As a result, the underlying situation to be addressed in the normal providence case needs no remedy. Clearly no accused can legitimately contend that he would have pleaded not guilty or negotiated a more favorable sentence if only he had known that the maximum sentence was actually more than he had originally thought.[2]

Although the *Crawford* /plea providence analysis may be of some value by way of analogy, we prefer to base our decision upon a more direct application of a different legal principle. A general court-martial may "under such limitations as the President may prescribe, adjudge any punishment not forbidden by [the Code]." Article 18, Uniform Code of Military Justice, 10 U.S.C. § 818 (1976). Paragraph 126h(3), Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as Manual], recognizes that all courts-martial have the authority to adjudge fines *in lieu* of forfeitures. The analysis contained in that paragraph is of interest to special courts-martial[3] and general courts-martial where total forfeitures are not adjudged.[4] However, the *grant of authority* for fines in addition to forfeitures is not found in that paragraph, but in Section B, paragraph 127c, Manual, which provides that a general court-martial may adjudge a fine *in addition* to forfeitures.[5]

Given the unique nature of the fine as additional punishment, the question is whether an accused must be advised of the additional punishment provisions during the providence inquiry. In *United States v. Zemartis,* 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959), the Court of Military Appeals held that it is error to fail to advise an accused during the providence inquiry that he could receive a bad-conduct discharge based solely on the escalation provision of Table B, paragraph 127c, of the Manual. The remedy granted by the United States Navy Board of Review of disapproving the bad-conduct discharge was affirmed.

Since *Zemartis,* the provisions of paragraph 70b of the Manual, setting forth the advice requirements in a guilty plea case, have undergone substantial changes. The 1951 Manual contained only the general requirement that an accused "will" be advised of the maximum punishment authorized.[6] The 1969 Manual contains two significant changes relevant to our inquiry. First, it specifically added a fine as an additional punishment in Table B, paragraph 127c, before general courts-martial. Second, it added the requirement to advise an accused who had pleaded guilty, of the "maximum authorized punishment, including permissible additional punishment (127 c, Section B)," paragraph 70b (2), Manual, Change 1, dated 27 January 1975. Thus, the duty of the military judge to *sua sponte* advise an accused of the additional punishment clauses if he wishes to consider them, is clear, *Zemartis, supra; United*

---

2. In a post-trial affidavit, appellant asserts that he might not have pleaded guilty if he had known that a fine was imposable. We see nothing in the record of trial that the monetary limitation was particularly important to appellant's trial strategy and specifically note that appellant's pretrial agreement only spoke to limitations on confinement. We view his statement as designed solely for the appellate courts and give it little weight.

3. *See United States v. Brown,* 1 M.J. 465 (C.M.A. 1976).

4. *See United States v. Dill,* 2 M.J. 271 (A.F.C.M. R.1976).

5. The analysis of the changes to paragraph 126h (3), and Table B, of the Manual, were designed to make a fine adjudged by a general court-martial a "truly additional punishment". Department of the Army Pamphlet 27–2, Analysis of Contents, Manual for Courts-Martial, United States 1969 (Revised edition), paragraph 126h (3) (Jul 1970).

6. The nonbinding guide did suggest the need to advise an accused of the enhanced punishment of a bad-conduct discharge in either of the two recidivist situations in Table B, paragraph 127c, Manual 1951. *See* App. 8c, at 509, 510.

*States v. Lalla,* 17 M.J. 622 (N.M.C.M.R. 1983). As the Manual provision has the force and effect of law, failure to comply with its requirements is error. *United States v. Smith,* 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962).[7]

■ Having found error, we address its impact. By way of analogy, we note that the Court of Military Appeals has held that the failure to instruct the court in the additional punishment authorizations of Table B, paragraph 127c, Manual, as required by paragraph 76b (1), Manual, affects only the sentence and not the findings. *See United States v. Timmons,* 13 M.J. 431 (C.M.A. 1982); *United States v. Yocom,* 17 U.S.C. M.A. 270, 38 C.M.R. 68 (1967); *United States v. Hutton,* 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964). We believe a similar result obtains when a violation of paragraph 70b (2), Manual, is present. *United States v. Zemartis, supra; United States v. Lalla, supra.* With regard to the sentence, we note that the appellant was sentenced to both total forfeitures and a fine. Under these circumstances, we are not free to invoke the rule that the sentence imposed was within that which appellant was advised he could receive. *See United States v. Dill,* 2 M.J. 271 (A.F.C.M.R.1976).

■ Accordingly, we hold that in a general court-martial, it is error for the military judge to impose a fine in addition to total forfeitures where the military judge has failed to advise the accused during the guilty plea inquiry that a fine is an additional imposable punishment.[8] The remedy selected to cure this error is to disapprove the adjudged fine. *United States v. Cifuentes,* 11 M.J. 385 (C.M.A.1981); *United States v. Zemartis, supra.*

We have considered the remaining assignments of error and find them to be without merit. The findings of guilty are affirmed. Only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years, for-

feiture of all pay and allowances, and reduction to Private E–1 is affirmed.

Senior Judges MOUNTS and WOLD and Judges SU–BROWN, YAWN, NAUGHTON and COHEN concur.

WATKINS, Judge, with whom Senior Judge McKAY and Judge WERNER join, concurring in the result:

I agree in principle with the majority holding that, in a judge-alone, guilty-plea general court-martial case it is error for the military judge to impose a fine in addition to forfeiture of all pay and allowances where he has failed during the providence inquiry to advise the accused that a fine constitutes an authorized element of punishment. I would make clear, however, that an error of this nature must be tested for prejudice and that the remedy of sentence modification is neither required nor appropriate in every such instance. In certain circumstances, such as those which existed in *United States v. Shirley,* 16 M.J. 567 (A.C.M.R.), *petition granted,* 17 M.J. 66 (C.M.A.1983) (where the accused was clearly on notice that a fine was an authorized element of punishment by virtue of having included a clause to that effect in his pretrial agreement with the convening authority), the error is legally harmless in that one cannot seriously argue that the pleas of guilty were not provident or that the accused's due process rights were limited or abridged. *See generally* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1976); *United States v. Dinkel,* 13 M.J. 400 (C.M.A.1982); *United States v. Griego,* 10 M.J. 385 (C.M.A.1981); *United States v. Hinton,* 10 M.J. 136 (C.M. A.1981); *United States v. Passini,* 10 M.J. 108 (C.M.A.1980); *United States v. Walls,* 9 M.J. 88 (C.M.A.1980).

---

7. As advice as to the maximum imposable punishment is not required by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), automatic reversal is not required.

8. We do not decide whether this holding would apply to a case in which there is evidence that an accused was independently aware of the possibility that a fine was an additional imposable punishment.