**UNITED STATES**

v.

**Alvin L. CLARK, Jr., 557 65 2054 Private (E–1), U.S. Marine Corps.**

**NMCM 92 1012.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 Feb. 1992.

Decided 13 Aug. 1993.

LT L.M. Higdon, JAGC, USNR, Appellate Defense Counsel.

Capt A. Diaz, USMC, Appellate Government Counsel.

Before FREYER, Senior Judge, and STRICKLAND and MOLLISON, JJ.

MOLLISON, Judge:

This appeal from a special court-martial conviction concerns whether Rule for Courts–Martial (R.C.M.) 701(a)(5), Manual for Courts–Martial, United States, 1984, requires the trial counsel to disclose to the defense written material the Government may offer solely to rebut matters which the accused may offer in extenuation and mitigation during the presentencing procedure. We conclude that trial counsel has no obligation to disclose such rebuttal under the rule.

Consistent with his pleas, the appellant was found guilty of two periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. A military judge sitting alone sentenced the appellant to confinement for three months, forfeiture of $520.00 pay per month for three months, and a bad-conduct discharge.

The appellant's court-martial is now before this Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866. This Court may affirm only such findings of guilty and the sentence or such part of the sentence as it finds correct in law and fact and determines should be approved. UCMJ, art. 66(c), 10 U.S.C. § 866(c). We may hold a finding or sentence incorrect on the ground of an error of law only if the error materially prejudices the substantial rights of the appellant. UCMJ, art. 59(a), 10 U.S.C. § 859(a). Initially, the appellant's case was submitted without assignment of error, however, we specified an issue for briefing by counsel. We also entertained oral argument. Now having had the benefit of briefs and arguments of counsel, we conclude no error materially prejudicial to the substantial rights of the appellant was committed in the appellant's case and we affirm.

### The Material Facts.

Prior to trial, defense counsel made an oral request for "general" discovery. In response to that request, trial counsel provided defense counsel those matters the trial counsel intended to offer in the prosecution's "case-in-chief" during the presentencing procedure. Eight days before trial, defense counsel provided trial counsel a copy of a letter purporting to be from the City of Los Angeles Department of Transportation to the convening authority.[1] The letter, purportedly signed by a personnel manager, represented that the appellant had scored very highly on a written examination for the position of communications operator and that the appellant had a firm

offer of a job with the city government. The record is not entirely clear as to the motivation for this pretrial disclosure, however, the record suggests the letter was disclosed by the defense to support plea and pretrial agreement negotiations, to support a request for an administrative discharge in lieu of trial, to support post-trial clemency, and/or to satisfy the requirements of reciprocal discovery. In any case, two days before trial, defense counsel informed trial counsel of the defense's intention to offer the letter as a matter in mitigation in the presentencing procedure at trial. Suspicious of the authenticity of the letter, trial counsel contacted the City of Los Angeles Department of Transportation and provided the department a copy. The day before trial, trial counsel received by telefax a letter response from a personnel officer of the city government. The reply stated the appellant had not been offered employment and his letter was a forgery. Trial counsel did not disclose this letter to defense counsel. Record at 88–89.

The appellant's trial commenced on 13 February 1992. During the presentencing procedure the appellant introduced his letter, now Defense Exhibit B.[2] The appellant also made an unsworn statement in which he explained that he was from a relatively poor family in South Central Los Angeles; that his mother was a starving writer and his father was an disabled truck driver facing repossession of his truck; that appellant also had a wife and infant son; that upon joining the Marine Corps he realized that he had to take responsibility; and, that when he went on unauthorized absence, he immediately obtained employment. To demonstrate what else the appellant was doing "to move up in the world," the appellant stated that he had applied for a job as a communications operator with the City of Los Angeles; that he had scored very highly on a pre-employment examination; that if his military obligations were concluded, he could commence work on March 16, 1992; and, that

---

1. Nothing indicates whether the letter was actually received by the convening authority.

2. Trial counsel did not object because the rules of evidence had been relaxed. R.C.M. 1001(c)(3).

such employment would help his family immensely. Record at 44–50.

In rebuttal, trial counsel offered his letter, now Prosecution Exhibit 4. Defense counsel objected to the introduction of this exhibit and, once it was admitted, moved for a mistrial. He argued that the trial counsel knew the defense intended to offer its letter; that the trial counsel had in bad faith violated its obligation to disclose its letter under R.C.M. 701; that the prosecution's letter was material to appellant's defense; and, that the defense had been ambushed. Defense counsel also invoked by analogy decisions which address discovery of matters on the merits, *United States v. Murphy*, 33 M.J. 323 (C.M.A.1991), and *United States v. Trimper*, 28 M.J. 460 (C.M.A.1989). Contrarily, trial counsel argued that prosecution was not obliged to disclose its letter under the rule because it was solely a matter in rebuttal; that he could not be certain the prosecution's letter would be offered until the defense put on its case; and, that the cases cited by the defense all dealt with discovery of matter on the merits, vice the presentencing procedure.

The military judge admitted the Government's letter and, citing the principle that a mistrial is a drastic remedy and should be used as a last resort, denied appellant's motion for a mistrial. However, the military judge continued the trial to give the defense an opportunity to research the matter. Record at 74. By mutual consent of the parties, the trial resumed the next day at which time the military judge entered essential findings and reaffirmed his decision to deny the appellant's motion for a mistrial. The military judge concluded that defense counsel had the duty and opportunity to determine the accuracy of any documentary evidence he intended to use; that the prosecution's letter was in rebuttal to both the letter introduced by the appellant and his unsworn statement; that the prosecution's letter had no relevance until the appellant actually offered his letter, despite his announced intention to do so; that the cases cited by the appellant were inapplicable; that under the controlling rules, R.C.M. 701(a)(5) and (6), trial counsel was obliged to disclose to the appellant evidence that would tend to reduce the punishment or that would be presented by the prosecution in the Government's case in aggravation, however, the prosecution's letter was neither of these; that the trial counsel had not acted in bad faith; and, that the trial had been continued during which time the defense had the opportunity to investigate the matter further. Record at 94–96.

These discovery issues were not renewed on appeal, however, it appeared to us that they were novel and important. Therefore, we specified the following for briefing by the parties:

IN LIGHT OF RULE FOR COURT-MARTIAL 701(a)(5)(A) AND (d), WAS THE MILITARY JUDGE CORRECT IN RULING THE TRIAL COUNSEL, WHO HAD BEEN NOTIFIED BY THE DEFENSE COUNSEL OF HIS INTENTION TO OFFER DEFENSE EXHIBIT B IN PRESENTENCING AND HAD PROCURED PROSECUTION EXHIBIT 4 FOR USE IN REBUTTAL THEREOF, WAS NOT REQUIRED TO DISCLOSE PROSECUTION EXHIBIT 4 TO THE DEFENSE BEFORE OFFERING IT AT TRIAL, SOLELY ON THE GROUND THAT PROSECUTION EXHIBIT 4 WOULD BE OFFERED IN REBUTTAL?

### The Law.

Congress has authorized the President to prescribe pretrial, trial, and post-trial procedures, including modes of proof, for cases arising under the UCMJ triable in courts-martial. U.S. Const. art. I, § 8, cl. 14; art. 36(a), UCMJ, 10 U.S.C. § 836(a). Pursuant to that authority, the President has prescribed presentencing procedures and rules respecting pretrial discovery of material pertaining thereto. R.C.M. 701, 1001.

In the presentencing procedure the Government may present the following matters: service data from the charge sheet, personal data and character of prior service of the accused, evidence of prior convic-

tions, evidence in aggravation, and evidence of the accused's rehabilitative potential. R.C.M. 1001(b).

The defense may present matters in extenuation and mitigation. In addition, the accused may make a statement in any form. R.C.M. 1001(c)(1), (2). The military judge may relax the rules of evidence with respect to matters in extenuation or mitigation and may admit letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability. R.C.M. 1001(c)(3).

The prosecution may rebut matters presented by the defense. The defense may offer surrebuttal. If the rules of evidence have been relaxed as to matters in extenuation and mitigation, they may be relaxed in the same degree as to rebuttal and surrebuttal. R.C.M. 1001(d).

Trial counsel is obliged to disclose to the defense, as soon as practicable, evidence known to the trial counsel which reasonably tends to reduce the punishment. R.C.M. 701(a)(6)(C). In addition,

[u]pon request of the defense the trial counsel shall:

(A) Permit the defense to inspect [3] such written material as will be presented by the prosecution at the presentencing proceedings; and

(B) Notify the defense of the names and addresses of the witnesses the trial counsel intends to call at the presentencing proceedings under R.C.M. 1001(b) [i.e., evidence in aggravation, and evidence of rehabilitative potential].

R.C.M. 701(a)(5) (brackets added). The duty to disclose is a continuing one. R.C.M. 701(d). An identical, reciprocal rule of discovery applies to the defense. R.C.M. 701(b)(1)(B).

Consistent with the rules of discovery, the military judge may specify the time, place, and manner of making discovery and may prescribe such terms and conditions on discovery as are just under the circumstances. R.C.M. 701(g)(1). If a party fails to comply with a rule of discovery, the military judge may order the party to permit discovery, grant a continuance, prohibit a party from introducing evidence or raising a defense not disclosed, and/or enter such other order as is just under the circumstance. R.C.M. 701(g)(3).

■ The selection of the remedy for noncompliance with a rule of discovery is committed to the discretion of the military judge, and his selection of a remedy will not be reversed in the absence of an abuse of discretion. *Cf. United States v. Callara*, 21 M.J. 259, 263 (C.M.A.1986).

■ A military judge is also authorized to remedy a violation of the discovery rules by declaring a mistrial. R.C.M. 915. A declaration of mistrial is, as the trial judge correctly observed, a drastic remedy. *United States v. Garces*, 32 M.J. 345, 349 (C.M.A.1991). A declaration of mistrial is appropriate only when manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness or impartiality of the proceedings. *United States v. Anderson*, 21 M.J. 751, 756 (N.M.C.M.R.1985); R.C.M. 915(a). The decision whether or not to declare a mistrial is, as with the decision to select any other remedy for noncompliance with a rule of discovery, within the sound discretion of the military judge and will not be disturbed on appeal unless there has been an abuse of that discretion. *Anderson*, 21 M.J. at 756.

### Discussion.

■ Reiterating, R.C.M. 701(a)(5) requires the trial counsel to permit the defense upon request to inspect written material the prosecution will present at the presentencing procedure. R.C.M. 701 has the force and effect of law, and a failure to apply it constitutes error. *See United States v. Nelson*, 21 M.J. 573 (A.C.M.R. 1985); *United States v. Daniels*, 20 M.J. 648 (N.M.C.M.R.1985), *petition denied*, 24 M.J. 455 (C.M.A.1987); *United States v. Lalla*, 17 M.J. 622 (N.M.C.M.R.1983). Though R.C.M. 701 is a creature of execu-

---

3. "Inspect," as used in this rule, includes the right to photograph and copy. R.C.M. 701(h).

tive order, the principles of statutory construction may be applied to it. *United States v. Lucas*, 1 U.S.C.M.A. 19, 1 C.M.R. 19, 22, 1951 WL 1499 (1951); *United States v. Kapple*, 36 M.J. 1119 (A.F.C.M.R.1993). If the rule conveys a clear and definite meaning, we may not look for or impose a different meaning. *United States v. Graham*, 16 M.J. 460 (C.M.A.1983), and cases cited therein. As with statutes, the rules of discovery should not be dissected and considered *in vacuo*, and it must be presumed they each have a definite purpose and should be construed together so as to achieve the greatest harmony and consistency. *Cf., United v. Johnson*, 3 M.J. 361 (C.M.A.1977).

■ Clearly, R.C.M. 701(a)(5) obliges the prosecution to permit the defense to inspect prior to trial those written materials the prosecution intends to offer under R.C.M. 1001(b), e.g., written materials pertaining to personal data and character of prior service of the accused, evidence of prior convictions, evidence in aggravation, oral depositions containing opinion testimony concerning the appellant's previous performance and rehabilitative potential. Those matters may be presented independent of any matters presented by the defense. But, if the Government's determination to present written material is conditioned upon what matters the defense presents at trial, then it cannot be determined whether the prosecution's material will be presented until the condition precedent is satisfied. Thus, prior to trial it may be as easily said that the Government's letter in this case will not be presented as to say it will be. Confronted with ambiguity as to the application of the rule in this context, we must go beyond the plain language of the rule in an effort to discern the President's intent respecting the rule's scope. *See Kapple*, 36 M.J. at 1122. Did he intend the rule of disclosure to extend to written material solely in rebuttal during presentencing?

■ Regulations which form the basis for criminal sanctions are strictly construed. *United States v. Williams*, 29 M.J. 112 (C.M.A.1989). Contrarily, rules of criminal procedure are ordinarily given a liberal construction to bring about proper enforcement of the criminal sanctions and to enable the accused to interpose all proper defenses. Sutherland Stat Const § 67.02 (4th Ed). Accordingly, rules allowing pretrial discovery intended to facilitate procedure are usually given a broad interpretation. Sutherland, *supra*, § 67.07.

■ Courts-martial discovery practice serves several values: efficiency of process, integrity in fact-finding, and fairness to the parties. R.C.M. 701 Analysis. Pretrial discovery alerts the parties to the contentions they must be prepared to address and the case they must marshal; it makes it more likely that the evidence necessary for a full exposition of the facts will be available and that an informed decision will be made; it makes it more likely that the trial, once underway, will proceed to completion without distraction or delay; and, it precludes one party from taking unfair advantage over another with a consequential loss of confidence in the integrity and fairness of the disciplinary process.

■ Courts-martial discovery practice has been quite liberal. It strives to eliminate "gamesmanship." *Id.* It also provides broader discovery than that required in other federal criminal proceedings. For example, witness statements relating to a charged offense are provided to the accused prior to trial, although in other federal courts, the Jencks Act, 18 U.S.C. § 3500, only requires such statements be provided after the witness has testified. R.C.M. 701(a)(1)(C).

■ Discovery, though generous, is not unlimited. For example, under R.C.M. 701(a)(3), which concerns discovery of Government witnesses on the merits, the trial counsel is not obliged to disclose the names of witnesses it intends to call in rebuttal, unless they rebut the defenses of alibi, innocent ingestion, or mental irresponsibility defenses, of which the accused is obliged to give the Government advance notice. *See Murphy*. Similarly, the Government is only required to disclose the names and addresses of witnesses it will call during

the presentencing procedure under R.C.M. 1001(b), that is, witnesses who testify as to matters in aggravation of the offenses and the accused's rehabilitative potential. R.C.M. 701(a)(5)(B). There is no requirement for the prosecution to inform the defense of the names and addresses of witnesses it intends to call in rebuttal under R.C.M. 1001(d).

Clearly, the rules did not require the trial counsel to inform the appellant that he intended to call a witness from the personnel office of the City of Los Angeles to testify the exhibit that the appellant might offer was a forgery. It would be incongruous for us then to impute to the President an intent to require a different result when the rebuttal evidence was in a written form. While a rule of liberal pretrial discovery serves the values identified above and may discourage those who would subvert the court's fact-finding and sentencing function by suborning perjury and counterfeiting evidence, it brooks no complaint by an accused engaged in such mischief that he should have been given advance notice his deception had been detected.

■ We believe the rules of discovery can be construed to achieve harmony, consistency, and the underlying values they seek to serve. As to the presentencing procedure we interpret R.C.M. 701 to require the trial counsel: 1) without defense request to disclose the existence of evidence known to the trial counsel which reasonably tends to reduce the punishment, 2) upon defense request to permit the defense to inspect such written material as will be presented by the prosecution *under R.C.M. 1001(b)*, and 3) upon defense request to notify the defense of the names and addresses of the witnesses trial counsel intends to call under R.C.M. 1001(b). Thus, the requirement to permit inspection of written materials extends to such materials pertaining to the service data from the charge sheet, personal data and character of prior service of the accused, evidence of prior convictions, evidence in aggravation, and oral depositions in which opinion evidence is given concerning the accused's previous performance as a service member and potential for rehabilitation. Similarly, the defense's obligation to disclose the names and addresses of witnesses and written material under R.C.M. 701(b)(1)(B) extends to those matters presented under R.C.M. 1001(c).

■ Neither party is obliged to disclose written material which may be offered during the presentencing procedure *solely* in rebuttal to matters that may be offered by the other party during that part of the proceedings. The function of rebuttal evidence is to explain, repel, counteract or disprove the evidence of the other party, and the scope of rebuttal is defined by evidence introduced by the other party. *United States v. Banks*, 36 M.J. 150, 166 (C.M.A.1992) (citing and quoting from cases). As with issues arising on the merits, the rebuttal exception extends only to evidence that is genuine rebuttal. Evidence which could have been introduced in the party's "case-in-chief" during the presentencing procedure, but is withheld in order to "sandbag" the other party, does not fall within this exception. *Cf. Murphy; Trimper.*

### Conclusions.

■ In the case at bar, Prosecution 4, the Government's letter refuting the appellant's claim of prospective employment, was genuine rebuttal. It could not have been offered unless and until the appellant presented material claiming such employment. Prosecution Exhibit 4 was made relevant by the matters offered by the appellant. Mil.R.Evid. 104, 401, 402. The trial counsel was not required to permit the defense to inspect Prosecution Exhibit 4 before it was offered. Hence, the military judge did not abuse his discretion by admitting the exhibit or by denying the appellant's motion for a declaration of a mistrial. The military judge's decision to continue the trial for a brief period of time was, in and of itself, sufficient remedy in any event.[4]

4. It is true the rules also provided a procedure for *in camera* inspection by the military judge.

Far from disadvantaging the appellant or the trial court in this matter, the timing of trial counsel's production of this exhibit afforded the military judge a unique glimpse of the lengths the appellant would go to distort the process. Prosecution Exhibit 4 not only rebutted his claims, it also demonstrated how little progress he had made toward his own rehabilitation.

### Disposition.

The findings of guilty and sentence, as approved on review below, are affirmed. We note, however, that the court-martial promulgating order erroneously reflects that the finding of guilty as to Specification 2 of the Charge included the element of termination by apprehension. The Government had withdrawn that allegation prior to entry of findings. Record at 18. We also note that the number of prior nonjudicial punishments is stated to be five, though only three are enumerated.

Accordingly, a new court-martial promulgating order shall be issued to correct these discrepancies.

Senior Judge STRICKLAND concurs.

FREYER, Senior Judge * (concurring in the result):

The specified issue raises the question of whether or not, when the discovery and reciprocal discovery provisions of Rule for Courts–Martial (R.C.M.) 701 have been activated, a trial counsel who, having been provided a copy of a letter by the defense counsel with the representation that such letter will be offered into evidence during presentencing, and who thereafter solicits and acquires, approximately two days before trial, a letter which he determines that he is going to introduce in rebuttal of the defense letter, is required to provide the defense counsel a copy of the rebuttal letter before trial.

According to the facts as found by the military judge, the defense counsel gave to the trial counsel, about eight days before trial, a copy of a letter which eventually became Defense Exhibit B. It is unclear whether the copy of the letter was delivered to the trial counsel pursuant to R.C.M. 701(b) ("reciprocal discovery") or in connection with an unsuccessful request for an administrative disposition in lieu of trial, but, in any event, the defense counsel informed the trial counsel, at least a day or two before trial, that he intended to introduce the letter in presentencing.

Meanwhile, the trial counsel and an associate became suspicious of the authenticity of the letter. The letter in question was on City of Los Angeles, California, stationery and related that the appellant had taken a civil service examination and scored so well that employment was being offered to him as soon as he completed his military obligation. Spelling errors in the letter and its specificity concerning the results of the civil service examination led the trial counsel's associate to communicate with a highly placed personnel officer of the City of Los Angeles, who replied by FAX'd letter addressed to the trial counsel's associate that his department had no record of such a letter, that the position purportedly occupied by the signatory of the questioned letter did not exist, that the existing position most analogous thereto was occupied by himself, not the signatory of the questioned letter, that the letterhead stationery on which it was typewritten was obsolete, and that a hiring freeze rendered the substance of the letter wholly implausible. The FAX'd reply expressed the conclusion that the questioned letter was not authentic.

The trial counsel received the FAX'd reply approximately two days before the appellant's trial. Although he knew of the defense counsel's intention to introduce the first letter, he neither provided the defense counsel with a copy of the FAX'd reply nor even informed him of it; nor did he seek an *ex parte* deferral-of-discovery order from the military judge pursuant to R.C.M. 701(g)(2).

R.C.M. 701(g)(2). However, we do not believe that procedure would have been particularly appropriate or useful in this scenario.

* Senior Judge FREYER took final action on this case prior to his departure.

At trial, the appellant made an unsworn statement, in which he included the claim that he had employment waiting with the City of Los Angeles. Next, the defense counsel offered the letter in question as Defense Exhibit B for identification. The trial counsel made no objection to the letter on authenticity or any other grounds *but expressly obtained assurance that it was being received through relaxation of the rules of evidence pursuant to R.C.M. 1001(c)(3) (which I take as clearly evincing his preexisting intention* to introduce the rebuttal letter under the reciprocally relaxed rules of evidence). At the close of the defense presentation, the trap was sprung, and the FAX'd reply was, indeed, introduced under the reciprocally relaxed rules of evidence in rebuttal of both the unsworn statement and what had by then become Defense Exhibit B. The FAX'd reply was received, over vigorous objection, as Prosecution Exhibit 4. A defense motion for a mistrial based on the trial counsel's alleged willful noncompliance with R.C.M. 701 and prosecutorial misconduct was denied.

R.C.M. 701(a)(5)(A) provides: "Upon request of the defense the trial counsel shall: (A) Permit the defense to inspect such written material as will be presented by the prosecution at the presentencing proceedings[.]" The defense counsel had made a general request for such materials. R.C.M. 701(d) makes the duty to disclose a continuing one.

Although I consider the ambush set by the trial counsel and his associate in this case to be extremely revealing as regards the appellant's potential for rehabilitation and, thus, beneficial to the judicial process, I am simply unable to square it with what seem to me to be their obligations under R.C.M. 701(a)(5)(A) and 701(d) to disclose the document which became Prosecution Exhibit 4 once they determined to introduce it, which the record shows was two days before trial. The U.S. Court of Military Appeals has made clear that, notwithstanding that certain evidence is to be introduced only in rebuttal, it must still be disclosed. *United States v. Trimper,* 28 M.J. 460 (C.M.A.1989). I see no reason to confine the *Trimper* rationale to the merits so as

to apply a different rule to presentencing proceedings. Of course, parties are not required to exercise clairvoyance, and matters may be held in reserve for a variety of contingencies; but, once it becomes manifest, *as it did here through actual notice,* that the defense intends to introduce certain evidence, and it is determined by the trial counsel that the rebuttal evidence "will be presented," neither the text of the rule nor the rationale of the U.S. Court of Military Appeals in *Trimper* sanctions an interpretation that rebuttal evidence may be concealed solely on the ground that it "will be presented" in rebuttal. Such an interpretation would be contrary to the purposes of the liberal discovery philosophy embodied in R.C.M. 701.

While R.C.M. 701, in general, evinces a preference for liberal discovery, R.C.M. 701(g)(2) provides a simple procedure whereby disclosure of material otherwise subject to discovery may be withheld or deferred under judicial supervision if the interests of justice so require. I express no opinion on whether this was or was not an appropriate case for a deferral order; I simply note that, in this case, such an order was neither sought nor obtained.

Notwithstanding my determination that R.C.M. 701(a)(5)(A) was violated in this case, I have concluded that any resulting error was harmless. Not only was the trial before military judge alone, but also the sentence is so reasonable for absences without leave totaling 564 days, in light of the appellant's record of three nonjudicial punishments, 3.6/3.3 average proficiency and conduct marks, and numerous adverse "page 11" entries, that I am confident not only that the sentence is appropriate but also that the court-martial would have adjudged no lesser sentence, had the R.C.M. 701(a)(5)(A) violation not occurred, and that no additional punishment was meted out for the alleged attempted deception, *cf. United States v. Warren,* 13 M.J. 278 (C.M.A.1982). Accordingly, I concur in the disposition effected by the majority.